## 32051.   GIBSON *v.* THE STATE.

GARDNER, J. ■ F. A. Gibson was convicted of making and drawing a check on the Bank of Millen payable to Merrill Johnson with intent to defraud under the provisions of Code § 13-9933. His amended motion for a new trial was overruled. He assigns error on this judgment here. So far as the general grounds are concerned, the evidence, while conflicting, is sufficient to sustain the judgment. In connection with the general grounds, counsel argue that the sole defense of the defendant was, and that the evidence for the defendant and the State showed, that the giving of the check upon which the accusation was based was an extension of credit and that the court did not charge on this phase at all; that he should have done so in the absence of a request. The court charged verbatim, the Code section upon which the accusation was based and the court further charged that the main issue in the case was whether or not at the time the check was issued, Johnson parted with something of value in return for the check; that if they should believe that and the other essential ingredients of the offense as charged in the accusation, beyond a reasonable doubt, they might find the defendant guilty. Immediately thereafter he charged "but, if on the other hand, you should believe from the evidence that the check was given purely in payment of an existing debt, in that event you would not be authorized to find the defendant guilty." We think the charge of the court was full and fair and adjusted to the evidence.

(a) In the first special ground there are set forth questions and answers with reference to a check which the defendant had given to Johnson in January, 1947, for $225, and prior to the giving of the check for $429.23 in June, 1947, which latter check is the basis of the charge on which the defendant was convicted. When Johnson was on the stand testifying for the State he denied that Gibson had given him any check for $225 and testified that the only check which Gibson had given him was the check mentioned in the accusation. An officer of the bank, who was introduced as a witness for the State, after Johnson, testified that the bank had an undeveloped photostatic copy of a check for $225 which had been given to Gibson by Johnson in January. Counsel for the defendant contended that the court should permit this evidence relative to the photostatic copy, since Johnson, the prosecutor, had denied giving the defendant such check. The evidence with reference to this check also showed that it would take about five days to develop the photostatic copy film. There was considerable colloquy, covering several pages concerning this item. One thing brought out was that counsel for the defendant had not questioned the bank concerning this item until the day of the trial. The court refused to go into this evidence, one ground being that sufficient diligence was not shown in having the photostatic copy developed so that it might be used in the trial of the case. It was the contention of the defendant that the check in question for $429.23 represented the exact amount of the $225 check when added to $20 interest and certain open accounts which the defendant owed Johnson. It was contended therefore that the check which was the basis of the accusation was given for a pre-existing debt and that it was not given for a cash consideration, and was therefore not criminal. Johnson was recalled to the stand by the State and admitted that he did, in January, give to the defendant a check for $225, but that the defendant came by the next day and paid $225 for this check of $225, and that there was no interest involved in the transaction and further that the defendant paid the bills which he expended in cash, monthly as they were made. It will thus be seen that this issue in the trial resolved itself into a question of fact. The jury decided this issue against the defendant. The prosecutor Johnson testified that the check for $429.23 was advanced in money to the defendant after banking hours to meet a pay roll; that the defendant specifically stated that he had sufficient funds in the bank to take care of it and that it would be paid the following Monday morning (the day the money was advanced being on Saturday). There was other evidence on behalf of the State by another witness to the effect that he saw Johnson pay to the defendant the $429 and some odd cents. Since Johnson admitted giving the defendant a check for $225 in January, it may be conceded, without deciding, that the court erred in excluding the testimony with reference to the photostatic copy of the check. It becomes harmless error because a photostatic copy of the check for $225 would have been of no greater evidentiary value than admission by Johnson that he did give the check.

(b) Special ground 2 to the effect that there is no evidence that the

check set out in the accusation was presented for payment, is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JUNE 1, 1948.

*H. Alonzo Woods, G. C. Powell,* for plaintiff in error.

*D. A. Bragg, Solicitor,* contra.